UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:21-cr-00152-JPH-MG-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| STEVEN GRIER | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:21-cr-00152-JPH-MG |
| STEVEN GRIER, | ) ) | -01 |
| Defendant. | ) ) | |

**ORDER**

Defendant Steven Grier has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. [47]. For the reasons explained below, his motion is **DENIED**.

**I.     Background**

In April 2022, Mr. Grier pled guilty to one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Dkt. 41 at 1. In March 2021, Mr. Grier was serving a sentence on home detention following a conviction in Marion County, Indiana court for dealing in cocaine. Dkt. 32 at 3. The terms of his home detention sentence allowed law enforcement officers to enter and search Mr. Grier's residence to ensure compliance. *Id.* Law enforcement entered Mr. Grier's residence and viewed a firearm in the bedroom. *Id.* at 4. Mr. Grier admitted to being aware that the firearm was within his home and that he had recently handled the firearm. *Id.* Mr. Grier had prior convictions for felony dealing in cocaine and conspiracy to deal in cocaine. *Id.*

2

Mr. Grier faced a guidelines range of 70 to 87 months of imprisonment. Dkt. 32 at 14. The Court sentenced him to 60 months of imprisonment to be followed by 3 years of supervised release. Dkt. 41 at 2–3. The Bureau of Prisons ("BOP") lists Mr. Grier's anticipated release date (with good-conduct time included) as October 10, 2026. https://www.bop.gov/inmateloc/ (last visited October 11, 2023).

Mr. Grier filed his motion for compassionate release pro se. Dkt. 47. Mr. Grier argues that he establishes extraordinary and compelling reasons for compassionate release because (1) he suffers from a number of severe health conditions, and (2) he is needed at home to care for his elderly parents and teenaged children. Dkt. 47 at 1–2. The Court has concluded that it can resolve the motion without a response from the United States.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a district court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn,* 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker,* 27 F.4th 560, 563 (7th Cir. 2022), but

ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Grier argues that his health conditions establish extraordinary and compelling circumstances. Mr. Grier states that he is suffering from type 2 diabetes.[1] Dkt. 47 at 1. It does not appear from the record, however, that he is incapacitated, that his condition is debilitating, or that his condition is life-threatening. Accordingly, the Court declines to exercise its discretion to find that Mr. Grier has carried his burden to show that his health issues are an extraordinary and compelling reason to grant release, whether considered alone or together with any other reason.

Mr. Grier also argues that he would like to be at home helping to care for his children and ailing parents. Mr. Grier states that he would like to assist his parents due to their declining health conditions and would like to be a larger part of his children's lives. However, there is no evidence that that either his parents or his children are lacking in care or that there is no one else to provide elder or childcare. Many prisoners have family members who they would like to provide care for, and, while admirable, Mr. Grier's desire to be with family members is simply not an extraordinary condition that warrants relief. As such,

---

[1] In his motion, Mr. Grier lists complications of diabetes as including eye damage, kidney damage, heart problems, nerve damage, decreased ability to fight infections, sores, and ulcers. Dkt. 47 at 1. The Court does not understand Mr. Grier to state that he currently suffers from any of these complications, and the medical records submitted with his motion do not reflect diagnoses for any of these conditions. Dkts. 47; 47-1.

4

the Court declines to exercise its discretion to find that Mr. Grier has met his burden to establish that care for his family members is an extraordinary and compelling reason to grant relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor.

Even if the Court were to assume that Mr. Grier had established an extraordinary and compelling reason, however, the Court would nevertheless find that Mr. Grier is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[2] Weighing in his favor, he will have the support of family and has completed programming while incarcerated. Dkt. 47 at 1. Weighing against him, Mr. Grier's criminal history is extensive and includes several prior felony convictions. Dkt. 32 at 6–9. Further, Mr. Grier was sentenced less than two years ago and is not scheduled to be released from prison until October 2026; thus, releasing him now would be a substantial reduction.

In light of these considerations, the Court finds that releasing Mr. Grier early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to

---

[2] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

5

criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III.  Conclusion

For the reasons stated above, Mr. Grier's motion for compassionate release, dkt. [47], is **denied**.

**SO ORDERED.**

Date: 10/23/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Steven Grier
Register Number: 43847-509
USP Marion
U.S. Penitentiary
P.O. Box 1000
Marion, IL  62959